LEWIS, J.,
dissenting.
Under a proposal of “Governance,” the majority in many ways takes the Court system backward to re-create circumstances similar to those found by the citizens of Florida to be unworkable and abusive over 40 years ago. The changes of today in many instances are simply that, change for the purpose of change without regard to whether a significant problem exists. The process that generated the changes was significantly impacted by perceptions from other states that will only lead to the problems from those foreign states being transposed into Florida when *8 the perceived problem which generated the proposed change did not previously exist here.
The most significant alterations that will have a practical adverse impact are centered upon the Chief Justice and chief judges, changes that will not improve effective or efficient management but only become divisive measures that will polarize and politicize positions within the court system. The approach of change simply to make a change based on outside views is not well-considered nor one that should be adopted by this Court system.
Original Proceeding — Implementation of Judicial Branch Governance Study Group
APPENDIX
RULE 2.205. THE SUPREME COURT (a) Internal Government.
(1) Exercise of Powers and Jurisdiction.
(A) The supreme court shall exercise its powers, including establishing policy for the judicial branch, and jurisdiction en banc. Five justices shall constitute a quorum and the concurrence of 4 shall be necessary to a decision. In cases requiring only a panel of 5, if 4 of the 5 justices who consider the case do not concur, it shall be submitted to the other 2 justices.
(B) Consistent with the authority of the supreme court to establish policy, including recommending state budget and compensation priorities for the judicial branch, no judge, supreme court created committee, commission, task force, or similar group, and no conference (Conference of District Court of Appeal Judges, Conference of Circuit Court Judges, Conference of County Court Judges) is permitted to recommend state budget priorities, including compensation and benefits, to the legislative or executive branch that have not been approved by the supreme court. This subdivision is not intended to apply to judges expressing their personal views who affirmatively make it explicitly clear that they are not speaking on behalf of the judicial branch.
(C)Newly created judicial branch commissions, committees, task forces, work groups, and similar study or advisory groups must be established by the supreme court, not solely by the chief justice. Such study or advisory groups may be created and charged by rule adopted by the court, or by administrative order issued by the chief justice in accordance with court action. Members of such groups shall be appointed by administrative order of the chief justice, after consultation with the court. When practicable, ad hoc committees and other ad hoc study or advisory groups, which should be used to address specific problems, shall be established under the umbrella of an existing committee or commission, which should be used to address long-term problems.
(2) Chief Justice.
(A) The chief justice shall be chosen by majority vote of the justices for a term commencing on July 1 of-even-numbered yearsof 2 years commencing on July 1, 2012, The selection of the chief justice should be based on managerial, administrative, and leadership abilities, without regard to seniority only. A chief justice may serve successive terms limited to a total of 8 years. The chief justice may be removed by a vote of 4 justices. If a vacancy occurs, a successor shall be chosen promptly to serve the balance of the unexpired term.
(B) The chief justice shall have the fol lowing administrative powers and-duties. The, chief justice shallbe the administrative officer of the judicial branch and of the supreme court and shall be responsible for the dispatch of the business of the branch *9 and of the court and direct the implementation of policies and priorities as determined by the supreme court for the operation of the branch and of the court. The administrative powers and duties of the chief .justice shall include, but not be limited to:
(i) be-the-administrative-officer- of the court and shall -be-responsible-for-the dispatch ■ of-its businessthe responsibility to serve as the primary spokesperson for the judicial branch regarding policies and practices that have statewide impact including, but not limited to, the judicial branch’s management, operation, strategic plan, legislative agenda and budget priorities;
(ii) bavethe power to act on requests for stays during the pendency of proceedings, to order the consolidation of cases, to determine all procedural motions and petitions relating to the time for filing and size of briefs and other papers provided for under the rules of this court, to advance or continue cases, and to rule on other procedural matters relating to any proceeding or process in the court;
(iii) bavethe power to assign active or retired county, circuit, or appellate judges or justices to judicial service in this state, in accordance with subdivisions (a)(3) and (a)(4) of this rule;
(iv) havethe power, upon request of the chief judge of any circuit or district, or sua sponte, in the event of natural disaster, civil disobedience, or other emergency situation requiring the closure of courts or other circumstances inhibiting the ability of litigants to comply with deadlines imposed by rules of procedure applicable in the courts of this state, to enter such order or orders as may be appropriate to suspend, toll, or otherwise grant relief from time deadlines imposed by otherwise applicable statutes and rules of procedure for such period as may be appropriate, including, without limitation, those affecting speedy trial procedures in criminal and juvenile proceedings, all civil process and proceedings, and all appellate time limitations;-and
(v) the authority to directly inform all judges on a regular basis by any means, including, but not limited to, email on the state of the judiciary, the state of the budget, issues of importance, priorities and other matters of statewide interest; furthermore, the chief justice shall routinely communicate with the chief judges and leaders of the district courts, circuit and county court conferences by the appropriate means;
(vi) the responsibility to exercise reasonable efforts to promote and encourage diversity in the administration of justice; and
(vii) the power to perform such other administrative duties as may be required and which are not otherwise provided for by law or rule.
(C) The chief justice shall be notified by all justices of any contemplated absences from the court and the reasons therefor. When the chief justice is to be temporarily absent, the chief justice shall select the justice longest in continuous service as acting chief justice.
(D) If the chief justice dies, retires, or is unable to perform the duties of the office, the justice longest in continuous service shall perform the duties during the period of incapacity or until a successor chief justice is elected.
(E) The chief justice shall meet on a regular basis with the chief judges of the district courts and the chief judges of the circuit courts to discuss and provide feedback for implementation of policies and practices that have statewide impact in- *10 eluding, but not limited to, the judicial branch’s management, operation, strategic plan, legislative agenda and budget priorities. Such meetings shall, if practicable, occur at least quarterly and be conducted in-person. At the discretion of the chief .justice, any of these meetings may be combined with other judicial branch and leadership meetings and, where practicable include the justices of the supreme court.
(3)-(4) [No Change]
(b)-(d) [No Change]
(e) State Courts Administrator.
(1) [No Change]
(2) Duties. The state courts administrator shall supervise the administrative office of the Florida courts, which shall be maintained at such place as directed by the supreme court; shall employ such other personnel as the court deems necessary to aid in the administration of the state courts system; shall represent the state courts system before the legislature and other bodies with respect to matters affecting the state courts system and functions related to and serving the system; shall supervise the preparation and submission to the supreme court, for review and approval, of a tentative budget request for the state courts system and shall appear before the legislature in accordance with the court’s directions in support of the final budget request on behalf of the system; shall inform the judiciary of the state courts system’s final budget request and any proposed substantive law changes approved by the supreme court; shall assist in the preparation of educational and training materials for the state courts system and related personnel, and shall coordinate or assist in the conduct of educational and training sessions for such personnel; shall assist all courts in the development of improvements in the system, and submit to the chief justice and the court appropriate recommendations to improve the state courts system; and shall collect and compile uniform financial and other statistical data or information reflective of the cost, workloads, business, and other functions related to the state courts system. The state courts administrator is the custodian of all records in the administrator’s office.
(f)-(g) [No Change]
RULE 2.210. DISTRICT COURTS OF APPEAL
(a) Internal Government.
(1) [No Change]
(2) Chief Judge.
(A) The selection of a chief judge should be based on managerial, administrative, and leadership abilities, without regard to seniority only.
(B) The chief judge shall be the administrative officer of the court, and shall, consistent with branch-wide policies, direct the formation and implementation of policies and priorities for the operation of the court. The chief judge shall exercise administrative supervision over all judges and court personnel. The chief judge shall be responsible to the chief justice of the supreme court. The chief judge may enter and sign administrative orders. The administrative powers and duties of the chief judge include, but are not limited to, the power to order consolidation of cases, and to assign cases to the judges for the preparation of opinions, orders, or judgments. The chief judge shall have the authority to require all judges of the court, court officers and court personnel, to comply with all court and judicial branch policies, administrative orders, procedures, and administrative plans.
(C) The chief judge shall maintain liaison in all judicial administrative matters *11 with the chief justice of the supreme court, and shall, considering available resources, ensure the efficient and proper administration of the court. The chief judge shall develop an administrative plan that shall include an administrative organization capable of effecting the prompt disposition of cases, the assignment of judges, other court officers, and court personnel, and the control of dockets. The administrative plan shall include a consideration of the statistical data developed by the case reporting system.
(D) All judges shall inform the chief judge of any contemplated absences that will affect the progress of the court’s business. If a judge is temporarily absent, is disqualified in an action, or is unable to perform the duties of the office, the chief judge or the chief judge’s designee may assign a matter pending before the judge to any other judge or any additional assigned judge of the same court. If it appears to the chief judge that the speedy, efficient, and proper administration of justice so requires, the chief judge shall request the chief justice of the supreme court to assign temporarily an additional judge or judges from outside the court to duty in the court requiring assistance, and shall advise the chief justice whether or not the approval of the chief judge of the court from which the assignment is to be made has been obtained. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. Nothing in this rule shall restrict the constitutional powers of the chief justice of the supreme court to make such assignments as the chief justice shall deem appropriate.
(E) The chief judge shall regulate the use of all court facilities, regularly examine the dockets of the courts under the chief judge’s administrative supervision, and require a report on the status of the matters on the docket. The chief judge may take such action as may be necessary to cause the docket to be made current.
(F) The chief judge shall be chosen by a majority of the active judges of the court for a term commencing on July 1 of each odd-numbered year, and shall serve for a term of 2 years. A chief judge may serve for successive terms but in no event shall the total term as chief judge exceed 8 years. In the event of a vacancy, a successor shall be chosen promptly to serve the balance of the unexpired term. The selection of a chief-judge should-be^ based-on-managerial, administrative, and leadership abilities.- The chief-judge -may be removed by a two thirds vote of the active judges-The chief judge-shall be the administrative officer — of the court, responsible for-the dispatch-of its business;--shall have-the power-to order consolidation- of cases,-and shall assign -cases-to the judges for the preparation of-opinions, orders) or judgments.If the chief judge is unable to discharge these duties, the judge longest in continuous service or, as between judges ■with equal continuous service, the one having the longest unexpired term and able to do so, shall perform the duties of chief judge pending the chief judge’s return to duty. Judges shall notify the chief judge of any contemplated absence from the court and the reasons therefor. A chief judge may be removed as chief judge by the supreme court, acting as the administrative supervisory body of all courts, or by a two-thirds vote of the active judges.
(G) The failure of any judge to comply with an order or directive of the chief judge shall be considered neglect of duty and may be reported by the chief judge to the chief justice of the supreme court who shall have the authority to take such corrective action as may be appropriate. The chief judge may report the neglect of duty *12 by a judge to the Judicial Qualifications Commission or other appropriate person or body, or take such other corrective action as may be appropriate.
(H) At the call of the chief justice, the chief .judges of the circuit court and district courts of appeal shall meet on a regular basis and with each other and with the chief justice to discuss and provide feedback for implementation of policies and practices that have statewide impact including, but not limited to, the judicial branch’s management, operation, strategic plan, legislative agenda and budget priorities. Such meetings shall, if practicable, occur at least quarterly and be conducted in person. At the discretion of the chief .justice, any of these meetings may be combined with other judicial branch and leadership meetings.
(I) The chief judge shall have the responsibility to exercise reasonable efforts to promote and encourage diversity in the administration of justice.
(b)-(e) [No Change]
RULE 2.215. TRIAL COURT ADMINISTRATION
(a) [No Change]
(b) Chief Judge.
(1) The chief judge shall be a circuit judge who possesses managerial, administrative, afeilityand leadership abilities, and shall be selected without regard to seniority only.
(2) The chief judge shall be the administrative officer of the courts within the circuit and shall, consistent with branch-wide policies, direct the formation and implementation of policies and priorities for the operation of all courts and officers within the circuit. The chief judge shall exercise administrative supervision over all courts-judges and court personnel within the judicial circuitin-the-exercise-of-judicial-powers and over -the — judges' and- officers of the courts. The chief judge shall be responsible to the chief justice of the supreme court. The chief judge may enter and sign administrative orders, except as otherwise provided by this rule. The chief judge shall have the authority to require that all judges of the court, other court officers, and court personnel comply with all court and judicial branch policies, administrative orders, procedures and administrative plans.
(3)The chief judge shall be the-chief judicial officer'-of- the circuit,shall maintain liaison in all judicial administrative matters with the chief justice of the supreme court, and shall, develop an administrative-plan fdrconsidering available resources, ensure the efficient and proper administration of all courts within that circuit. The chief judge shall develop an administrative plan that shall be filed with the supreme court and plan — shall include an administrative organization capable of effecting the prompt disposition of cases; assignment of judges, other court officers, and executive assistantsall other court personnel; control of dockets; regulation and use of courtrooms; and mandatory periodic review of the status of the inmates of the county jail. The plan shall be compatible with the development of the capabilities of the judges in such a manner that each judge will be qualified to serve in any division, thereby creating a judicial pool from which judges may be assigned to various courts throughout the state. The administrative plan shall include a consideration of the statistical data developed by the case reporting system. Questions concerning the administration or management of the courts of the circuit shall be directed to the chief justice of the supreme court through the state courts administrator.
*13 (4)The chief judge shall assign judges to the courts and divisions, and shall determine the length of each assignment. The chief judge is authorized to order consolidation of cases, and to assign cases to a judge or judges for the preparation of opinions, orders, or judgments. All judges shall inform the chief judge of any contemplated absences that will affect the progress of the court’s business. If a judge is temporarily absent, is disqualified in an action, or is unable to perform the duties of the office, the chief judge or the chief judge’s designee may assign a proceeding pending before the judge to any other judge or any additional assigned judge of the same court. The chief judge may assign any judge to temporary service for which the judge is qualified in any court in the same circuit. If it appears to the chief judge that the speedy, efficient, and proper administration of justice so requires, the chief judge shall request the chief justice of the supreme court to assign temporarily an additional judge or judges from outside the circuit to duty in the court requiring assistance, and shall advise the chief justice whether or not the approval of the chief judge of the circuit from which the assignment is to be made has been obtained. The assigned judges shall be subject to administrative supervision of the chief judge for all purposes of this rule. When assigning a judge to hear any type of postconviction or collateral relief proceeding brought by a defendant who has been sentenced to death, the chief judge shall assign to such cases a judge qualified to conduct such proceedings under subdivision (b)(10) of this rule. Nothing in this rule shall restrict the constitutional powers of the chief justice of the supreme court to make such assignments as the chief justice shall deem appropriate.
(5) The chief judge may designate a judge in any court or court division of circuit or county courts as “administrative judge” of any court or division to assist with the administrative supervision of the court or division. To the extent practical, the chief judge shall assign only one administrative judge to supervise the family court. The designee shall be responsible to the chief judge, shall have the power and duty to carry out the responsibilities assigned by the chief judge, and shall serve at the pleasure of the chief judge.
(6) [No Change]
(7) The chief judge shall regulate the use of courtr-oomsall court facilities, regularly examine the dockets of the courts under the chief judge’s administrative supervision, and require a report on the status of the actionsmatters on the dockets. The chief judge may take such action as may be necessary to cause the dockets to be made current. The chief judge shall monitor the status of all pending postcon-viction or collateral relief proceedings brought by defendants who have been sentenced to death and shall take the necessary actions to assure that such cases proceed without undue delay. On July 1 and October 1,-1996, and-on-the first day of every January, April, July, and October thereafter, the chief judge shall inform the chief justice of the supreme court of the status of all such pending cases.
(8) — (9) [No Change]
(10) (A) The chief judge shall not assign a judge to preside over a capital case in which the state is seeking the death penalty, or collateral proceedings brought by a death row inmate, until that judge has become qualified to do so by:
(i) presiding a minimum of 6 months in a felony criminal division or in a division that includes felony criminal cases, and
*14 (ii)successfully attending the “Handling Capital Cases” course offered through the Florida College of Advanced Judicial StudiesCourt Education Council. A judge whose caseload includes felony criminal cases must attend the “Handling Capital Cases” course as soon as practicable, or upon the direction of the chief judge.
(B) The chief justice may waive these requirements in exceptional circumstances at the request of the chief judge.
(C)-(D) [No Change]
(11) The failure of any judge to comply with an order or directive of the chief judge shall be considered neglect of duty and may be reported by the chief judge to the chief justice of the supreme court who shall have the authority to take any corrective action as may be appropriate. The chief judge may report the neglect of duty by a judge to the Judicial Qualifications Commission or other appropriate person or body, or take such other corrective action as may be appropriate.
(12) At the call of the chief justice, the chief judges of the circuit court and district courts of appeal shall meet on a regular basis and with each other and with the chief justice to discuss and provide feedback for implementation of policies and practices that have statewide impact including, but not limited to, the judicial branch’s management, operation, strategic plan, legislative agenda and budget priorities. Such meetings shall, if practicable, occur at least quarterly and be conducted in person. At the discretion of the chief justice, any of these meetings may be combined with other judicial branch and leadership meetings.
(13) The chief judge shall have the responsibility to exercise reasonable efforts to promote and encourage diversity in the administration of justice.
(c) Selection. The chief judge shall be chosen by a majority of the active circuit and county court judges within the circuit for a term of 2 years commencing on July 1 of each odd-numbered year, or if there is no majority, by the chief justice, for a term of 2 years. The election for chief judge shall be held no sooner than February 1 of the year during which the chief judge’s term commences beginning July 1. All elections for chief judge shall be conducted as follows:
(1) All ballots shall be secret.
(2) Any circuit or county judge may nominate a candidate for chief judge.
(3) Proxy voting shall not be permitted.
(4) Any judge who will be absent from the election may vote by secret absentee ballot obtained from and returned to the Trial Court Administrator.
A chief judge may be removed as chief judge by the supreme court, acting as the administrative supervisory body of all courts, or may be removed by a two-thirds vote of the active judges. The purpose of this rule is to fix a 2-year cycle for the selection of the chief judge in each circuit. A chief judge may serve for successive terms but in no event shall the total term as chief judge exceed 8 years. The- selection of the chief judge should-be based on managerial, administrative,-and-leadership abilities-A chief judge who is to be temporarily absent shall select an acting chief judge from among the circuit judges. If a chief judge dies, retires, fails to appoint an acting chief judge during an absence, or is unable to perform the duties of the office, the chief justice of the supreme court shall appoint a circuit judge to act as chief judge during the absence or disability, or until a successor chief judge is elected to serve the unexpired term. When the office of *15 chief judge is temporarily vacant pending action within the scope of this paragraph, the duties of court administration shall be performed by the circuit judge having the longest continuous service as a judge or by another circuit judge designated by that judge.
(d)-(i) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 2.220. CONFERENCES OF COUNTY-COURT JUDGES
(a) Conference of County Court Judges.
(al) Creation. There shall be a “Conference of County Court Judges of Florida,” consisting of the duly commissione-dactive and senior county court judges of the State of Florida.
(b2) Purpose. The purpose of the conference shall be:
(1A) the betterment of the judicial system of the state;
(2B) the improvement of procedure and practice in the several courts; and
(3C) to conduct conferences and institutes for continuing judicial education and to provide forums in which the county court judges of Florida may meet and discuss mutual problems and solutions^; and
(D) to provide input to the Unified Committee on Judicial Compensation on judicial compensation and benefit issues, and to assist the judicial branch in soliciting support and resources on these issues.
(«3) Officers. Management of the conference shall be vested in the officers of the conference, an executive committee, and a board of directors.
(1A) The officers of the conference shall be:
(Ai) the president, president-elect, immediate past president, secretary, and treasurer, who shall be elected at large; and
(Rii) one vice-president elected from each appellate court district.
(2B) The executive committee shall consist of the officers of the conference and an executive secretary.
(SC) The board of directors shall consist of the executive committee and a member elected from each judicial circuit.
(4D) There shall be an annual meeting of the conference.
(SE) Between annual meetings of the conference, the affairs of the conference shall be managed by the executive committee.
(44) Authority. The conference may adopt a constitution-and' ■ by-lawsgover-nance documents, the provisions of which shall not be inconsistent with this rule. (b) Conference of Circuit Court Judges.
(1) Creation. There shall be a “Conference of Circuit Court Judges of Florida,” consisting of the active and senior circuit judges of the several judicial circuits of the state.
(2) Purpose. The purpose of the conference shall be:
(A) the betterment of the judicial system of the state;
(B) the improvement of procedure and practice in the several courts;
(C) to conduct conferences and institutes for continuing judicial education and to provide forums in which the circuit court judges of Florida may meet and *16 discuss mutual problems and solutions; and
(D) to provide input to the Unified Committee on Judicial Compensation on .judicial compensation and benefit issues, and to assist the judicial branch in soliciting support and resources on these issues.
(3) Officers. Management of the conference shall be vested in the officers of the conference, an executive committee, and a board of directors.
(A) The officers of the conference shall be:
(i) the president, president-elect, immediate past president, secretary, and treasurer, who shall be elected at large; and
(ii) one vice-president elected from each appellate court district.
(B) The executive committee shall consist of the officers of the conference and an executive secretary.
(C) The board of directors shall consist of the executive committee and a member elected from each .judicial circuit.
(D) There shall be an annual meeting of the conference.
(E) Between annual meetings of the conference, the affairs of the conference shall be managed by the executive committee.
(4) Authority. The conference may adopt governance documents, the provisions of which shall not be inconsistent with this rule.
(c) Conference of District Court of Appeal Judges.
(1) Creation. There shall be a “Florida Conference of District Court of Appeal Judges,” consisting of the active and senior district court of appeal judges of the State of Florida.
(2) Purpose. The purpose of the conference shall be:
(A) the betterment of the judicial system of the state;
(B) the improvement of procedure and practice in the several courts;
(C) to conduct conferences and institutes for continuing judicial education and to provide forums in which the district court of appeal judges of Florida may meet and discuss mutual problems and solutions; and
(D) to provide input to the Unified Committee on Judicial Compensation on judicial compensation and benefit issues, and to assist the judicial branch in soliciting support and resources on these issues.
(3) Officers. Management of the conference shall be vested in the officers of the conference and an executive committee.
(A) The officers of the conference shall be the president, president-elect, and secretary-treasurer.
(B) The executive committee shall consist of the president and president-elect of the conference and the chief judge of each district court of appeal.
(D) There shall be an annual meeting of the conference.
(E) Between annual meetings of the conference, the affairs of the conference shall be managed by the executive committee.
(4) Authority. The conference may adopt governance documents, the provisions of which shall not be inconsistent with this rule.
RULE 2.225. JUDICIAL MANAGEMENT COUNCIL
(al-Creation-and-Responsibilities. There is hereby-created the Judicial-Management Gouneil-of Florida,-which shall-be charged-with the following responsibilities:
*17 (1) The comprehensive-study — and—formulation' of ■■ recommendations on issues related — to-the-efficienf-and--effective administration-of-justice--that-have statewide impactr-affect-multiple-levels ■ of ■ the court system, — or—affect-multiple ■ ■ constituencies in-the-court-and justice community.
(A)-Issues-that may be examined by the Judicial- ■ Management C ouneit-includer-but are-not-l-imlted to:-
(-i)-the — organization,—jurisdiction,—and management-of-the-courts ;■
(ii) the qualificationsr-selection process, compensation, disciplinary-process, and removal-process for judicial officers;
(iii)-administrative — polie-ies—and—pro-grams of the court system;
(-iv-)-state — and- local budgets for the courts-and related entities, and-the-balance of-funding-between state and-local-govern-mentf
(v)-available-revenues that are currently or may be used -to support the courts, ■including-fines — forfeitures,- filing fees, add ons, surcharges, and-liens;
(id)-rules of court-a-nd-rulemaking pro-
(vii) legislative issues, including changes in the statutes-~or~the- constitution; — and
(viil-) — the -policies, procedures-,-and programs of-other-entities that are involved in court proceedings — or-otherwise affect the work of the-eourts.
(B-)-I-ssues-may become part-of-the-Judicial Management-Council’s agenda-by-:-
(i-)-referral from the chief justice;
(ii) referral from-the- supreme court; or
(-i-ii)-identification by the -Judicial Management — Council on its — own—initiative based-on-the recommendations-of- members-;.input from judgesr-the bar, court personnel, or other — sources;—input from ■public hearings;-referral of issues by the Florida Legislature, either-informally-or through the-passage of legislation; or referral of issues-by-the governor^-cabinet, or executive branch agencies.
(C) The chief justice and -the supreme court.shall consider — referring significant -new- issues or problems- with implications for judicial branch- organization,.policy, or budgeting to the — Judicial—Management Council, prior to the creation of any now committees.
(2) The development and-recommenda■tion of the-long-range strategic-plan and quality management — and—accountability program -for-the judicial branchy which are ■required pursuant to-article III, section 19, of-the-Florida Constitution.
(¾-MFhe.development of - recommendations to al-l-Constitutional Revision Commissions.
(4) To review and respond-to-the work of-other commissions,-task forces, councils) and-committees of the judicial, legislative and-executive branches,--and The Florida -Baiy-which may consider-mat'ters having policy, fund-ing,-or-operational implications ■for the jud-ic-ial-branch and the justice sys-
(5) To provide a-liaison with private sector entities-with.an interest in the court system, including the-F-lorida Council of 100,
(b-)-Schedule of Reports.
(1) The Judicial — Management Council ■shall prepare an annual-report on its activities-,- along with recommendations on substantive legislation-and^-budget resources, which sha-ll-be-presented to the chief justice and the-supreme court on October 1 of each-year.
(2) The Judicial- Management Council shall prepare a biennial-review of the judicial-branches-long range strategic-plan-and *18 formulate recommendations for a 2 year operational plan — based-on such review, whie-R-sh-all be presented-to the chief justice on July 1 of-each even-numbered yea-ri
(3) The Judicial Management -Council may prepare other reports as-it--deems necessary^ which-shall-be-presented to -the chief — justice or the ■ supreme cour-t-upon completion,
(c)- Supreme.Court Action on Recommendation by the Judicial Management Council- — The chief justice or the supreme court may take any or-all-of the following actions-on recommendations made by the Judicial Management Council:
(1) Direct that action-be taken to influence or change administrative policy, management-practices, rules, or programs-that are-the-subject-of the recommendations.
(2) Include the recommendation in the State Courts System’s-legislative agenda or budgebrequests.
(3)-Refer the--recommendation-back-to the-Judicial Management- Council-with-an indication-that:
(A)the- Judicial Management Council shall undertake further study;
(B-j-the-supreme-court-takes-no-position on the issue and encourages the Judicial Management Council-to-take whatever-further — action on ■ the — matter ■ the.Judicial Management Council deems appropriate; or
(C)-the- supreme -court disapproves — of the recommendation and directs either reassessment of the recommendation-or-no further action by the Judicial Management Council.
(4) Refer the recommendation to other entities,.such as the. Florida Legislature, the governor, the cabinet, executive -branch agencies, or The Florida Bar,.as-the-supreme- court deems appropriate.
(d) Membership-and-Organizatiom — The membership-of-the Judicial - Management Council shall- be appointed-with the-intention of-ensur-ing-diversity and representation of groups involved-in-or affected-by-the judicial-system,-
(1) There shall be 21 official members of the Judicial Management.Council, to-be appointed by the chief justice, which shall include;
(A) one-supreme court-justice;
(B) two district court of appeal judges, to be nominated by the Florida Conference of District-Court of Appeal-Judges;
(C) two circuit ■■■court — judges,--one—of whom shall-be an active-chief judge, to be nominated-by the Florida-Conference of Circuit Judges;
(D) two county court judges, to be nominated by-the Conference-of-County Court Judges;
(E)-one-state attorney, ■to-be nominated by the Florida Prosecuting Attorneys Association;
(F) one public defender, to be nominated by the Florida Rublic-Defenders--Associ-ation;
(G)-the-attorney general-or the attorney generafs-designee;
(H) one -clerk of court, to be nominated by — the—F-lorida—Association—of—Court Clerks;
(I) two-representatives of The Florida Bar, one of-whom shall be a member-of-the board — of—governors,--to-be-nominated-by the -board-of-governors;
(J)-one-representative-of-the governor’s legal-office,-to be designated-by the gover-
(K) one member of the Florida Senate and one-member of the-House of Representatives;
(L) four-public members; and
*19 (-M-).one -member of the Florida- Council of 100} to be nominated - by the Florida €ouneil-of 100.
(2) The legislative members-shall-serve ⅛⅜-ad hoc, voting members^-whose absence shall — not.be - considered — for-purposes of determining whether a-quorum is present at meetings.
(¾ — The-chief justice-may-appoint no more-than 8 members-at large who shall serve as voting members for a term of 3 years.
(4) The chief justice or -the-chief justice’s ■ designee shall serve as chair of tho Judicial Management Council.
(5) To ensure continuity-through the Judicial Management- Cou-neil-s-development of a long range strategic plan for the judicial-branch, the original members of the council shall be appointed for a term of 3 years. — The ■ members-’ — terms thereafter shall-be on a staggered» multi-year-basis) to-be-designated by future administrative orders of the chief justice.
(g)-The — Judicial Management Council shall establish a committee structure and procedures that ensure broad-based involvement of and input-from interested constituencies. — The Judicial Council- shall have the ■ authority and 'resources to improve its -iaelusiveness through a-variety of ■means, such as:
(A)-establishing committees-or- subcommittees that include persons-who are not members-of-the Couneil-but whose input may be needed on selected'issues;
(B) referring matters-to-existing groups or committees, such as-committees of The ■Florida Bar, for comment-and recommendations;
(C) conducting focus-groups, workshops, and-town hall type meetings;
(D) conducting public hearings; and
(E).conducting surveys.
(.7)...The Judicial ■ Management Council shall explore and recommend appropriate protocols-for-information- sharing and-coor-dmation-of-work by the various committoos that have been created-by-the court system. When-appropriaterthe Judicial Management Council shall include- such committees in the process -of-developing-the long-range -strategic plan.
(-e)-Staff Support and Funding. ■ The Office — of the State Courts Administrator shall-provide primary staff-support to the Judicial Management Council, — Adequate staffing and other resources-shall be mado available to the Office of-the-State Courts Administrator to onsure-the- effective and efficient-completion of tasks assigned to the Judicial -Management Council. — Sufficient-resources shall also be-provided for meetings — of.the—Judicial—Management Council and-its committees or subcommittees, and-other expenses-necessary to the satisfactory completion of-its-work.
(a) Creation and Responsibilities. There is hereby created the Judicial Management Council of Florida, which shall meet at least quarterly, and be charged with the following responsibilities:
(1) identifying potential crisis situations affecting the judicial branch and developing strategy to timely and effectively address them;
(2) identifying and evaluating information that would assist in improving the performance and effectiveness of the judicial branch (for example, information including, but not limited to, internal operations for cash flow and budget performance, and statistical information by court and type of cases for (i) number of cases filed, (ii) aged inventory of cases— the number and age of cases pending, (iii) time to disposition — the percentage of cases disposed or otherwise resolved *20 within established time frames, and (iv) clearance rates — the number of outgoing .cases as a percentage of the number of incoming cases);
(3) developing and monitoring progress relating to long-range planning for the .judicial branch;
(4) reviewing the charges of the various court and Florida Bar commissions and committees, recommending consolidation or revision of the commissions and committees, and recommending a method for the coordination of the work of those bodies based on the proposed revisions; and
(5) addressing issues brought to the council by the supreme court.
(b) Referrals. The chief justice and the supreme court shall consider referring significant new issues or problems with implications for .judicial branch policy to the Judicial Management Council prior to the creation of any new committees.
(c) Supreme Court Action on Recommendations by the Judicial Management Council. The supreme court may take any or all of the following actions on recommendations made by the Judicial Management Council:
(1) adopt the recommendation of the council in whole or in part, with or without conditions, including but not limited to:
(A) directing that action be taken to influence or change administrative policy, management practices, rules, or programs that are the subject of the recommendations;
(B) including the recommendation in the .judicial branch’s legislative agenda or budget requests;
(2) refer specific issues or questions back to the council for further study or alternative recommendations;
(3) reject the recommendation or decision in whole or in part;
(4) refer the recommendation to other entities, such as the Florida Legislature, the governor, the cabinet, executive branch agencies, or The Florida Bar, as the supreme court deems appropriate; or
(5) take alternative action.
(d) Membership.
(1) The council shall consist of 15 voting members, including the chief justice, who shall chair the council, an additional justice of the supreme court, representatives from each level of court, and public members.
(2) All voting members shall be appointed by the supreme court. Each member, other than the chief justice, will initially be appointed for a 2- or 4-year term, with the terms staggered to ensure continuity and experience on the council and for 4-year terms thereafter.
(3) The state courts administrator shall be a nonvoting member. The council may request other nonvoting persons to participate on an as-needed temporary basis to gain expertise and experience in certain issues on review.
(e) Staff Support and Funding. The Office of the State Courts Administrator shall provide primary staff support to the Judicial Management Council. Adequate staffing and other resources shall be made available to the Office of the State Courts Administrator to ensure the effective and efficient completion of tasks assigned to the Judicial Management Council. Sufficient resources shall also be provided for meetings of the Judicial Management Council and its committees or subcommittees, and other expenses necessary to the satisfactory completion of its work.
RULE 2.230. TRIAL COURT BUDGET COMMISSION
(a) [No Change]
*21 (b) Responsibilities. The Trial Court Budget Commission is charged with specific responsibility to:
(1) establish budgeting and funding policies and procedures consistent with judicial branch plans and policies, directions from the supreme court, and in consideration of input from the Commission on Trial Court Performance and Accountability and other supreme court committees and from the Florida Conference of Circuit Court Judges and the Florida Conference of County Court Judges;
(2)-(8) [No Change]
(9) identify potential additional sources of revenue for the trial courts; and
(10) recommend to the supreme court legislative pay plan issues for trial court personnel, except the commission shall not make recommendations as to pay or benefits for judgesr; and
(11) request input from the Commission on Trial Court Performance and Accountability on recommendations from that commission that may impact the trial court budget or require funding.
(c) Operational Procedures. The Trial Court Budget Commission will establish operating procedures necessary to carry out its responsibilities as outlined in subdivision (b), subject to final approval by the supreme court. These procedures shall include:
(1) a method for ensuring input from interested constituencies, including the chief judges and trial court administrators of the trial courts, other members of the trial court judiciary, the Judicial Management Council, the Commission on Trial Court Performance and Accountability, and other judicial branch committees and commissions; and
(2) [No Change]
(d) [No Change]
(e) Membership and Organization. The Trial Court Budget Commission will be composed of 21 voting members appointed by the chief justice who will represent the interests of the trial courts generally rather than the individual interests of a particular circuit or division. The respective chairpersonspresidents of the Conference of Circuit Court Judges, and the Conference of County Court Judges, and the chair of the Commission on Trial Court Performance and Accountability shall serve as ex officio nonvoting members of the Commission. The chief justice will make appointments to ensure that the broad interests of the trial courts are represented by including members who have experience in different divisions, who have expertise in court operations or administrative matters, and who offer geographic, racial, ethnic, and gender diversity.
(l)-(6) [No Change] •
(f) [No Change]
RULE 2.235. DISTRICT COURT OF APPEAL BUDGET COMMISSION
(a) [No Change]
(b) Responsibilities. The District Court of Appeal Budget Commission is charged with specific responsibility to:
(1) establish budgeting and funding policies and procedures consistent with judicial branch plans and policies, directions from the supreme court, and in consideration of input from the Commission on District Court of Appeal Performance and Accountability, and other supreme court committees;
(2)-(8) [No Change]
(9) identify potential additional sources of revenue for the district courts; and
(10) recommend to the supreme court legislative pay plan issues for district court *22 personnel, except the commission shall not make recommendations as to pay or benefits for judges-; and
(11) request input from the Commission on District Court of Appeal Performance and Accountability on recommendations from that commission that may impact the district court budget or require funding.
(c) Operational Procedures. The District Court of Appeal Budget Commission will establish operating procedures necessary to carry out its responsibilities as outlined in subdivision (b), subject to final approval by the supreme court. These procedures shall include:
(1) a method for ensuring input from interested constituencies, including the chief judges, marshals, and clerks of the district courts, other members of the district court judiciary, the Judicial Management Council, the Commission on District Court of Appeal Performance and Accountability, and other judicial branch committees and commissions; and
(2) [No Change]
(d) [No Change]
(e) Membership and Organization. The District Court of Appeal Budget Commission will be composed of 10 voting members appointed by the chief justice who will represent the interests of the district courts generally rather than the individual interests of a particular district.
(1) The membership shall include the chief judge of each district court of appeal, who shall serve for his or her term as chief judge. The membership shall also include one additional judge from each district court of appeal, appointed by the chief justice, with advice from each chief judge. The marshal of each district court of appeal shall serve as a nonvoting participant-member, -Ex-officio nonvoting — members shall also include the chairs of the District Court of Appeal Performance and Accountability Commission and the Appellate Court Technology Committee, and the president of the District Court of Appeal Judges Conference.
(2) The chief justice will appoint 1 member to serve as chair and 1 member to serve as vice chair, each for a onefour-year term, or until the member’s term on the commission expires.
(3) [No Change]
(4) Effective July 1, 2013, the commission shall be reconstituted with staggered terms for voting members, as follows: (A) The chief judge of each district will be appointed for his or her term as chief judge. (B) The additional judge from each odd-numbered district will be appointed for a four-year term. (C) The additional judge from each even-numbered district will be appointed for a two-year term, and thereafter to four-year terms. (D) Each nonvoting member will serve so long as he or she continues to hold the office which entitles him or her to membership on the commission.
(f)[No Change]
RULE 2.244. JUDICIAL COMPENSATION
(a) Statement of Purpose. The purpose of this rule is to set forth the official policy of the judicial branch of state government concerning the appropriate salary relationships between justices and judges at the various levels of the state courts system and the mechanism for advancing judicial compensation and benefits issues. Although ultimate discretion in establishing judicial compensation is vested in the Florida Legislature, the salary relationships referenced in this rule reflect the policy of the judicial branch when requesting adjustments to judicial salaries.
*23 (b) District ■ Court of AppealAnnual Salaries. The annual salary of a district court of appeal judge should be equal to 95 percent of the annual salary of a supreme court justice, (c) Circuit-Court.' The annual salary of a circuit court judge should be equal to 90 percent of the annual salary of a supreme court justice, (d) County Court. The annual salary of a county court judge should be equal to 85 percent of the annual salary of a supreme court justice.
(c) Unified Committee on Judicial Compensation.
(1) Creation. There shall be created a Unified Committee on Judicial Compensation to address judicial pay and benefits issues.
(2) Purpose. The purpose of the Unified Committee on Judicial Compensation shall be to:
(A) develop and recommend to the supreme court judicial pay and benefits priorities; and
(B) advocate for judicial pay and benefits issues approved by the supreme court for inclusion in the annual judicial branch budget request.
(3) Membership. The membership shall include the chief justice of the supreme court, the presidents and presidents-elect of the Conference of District Court of Appeal Judges, the Conference of Circuit Court Judges, and the Conference of County Court Judges, and the chairs and vice-chairs of the District Court Budget Commission and the Trial Court Budget Commission.
(4) Staffing, The Office of the State Courts Administrator will provide primary staff support to the committee.